IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                              18-CR-181-A

JOSEPH PACHETTI,

              Defendant.

---



## PLEA AGREEMENT

The defendant, JOSEPH PACHETTI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.     THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1462 (transportation of obscene material in commerce), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant will also admit the Forfeiture Allegation of the Information which allege that the following property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1476: one (1) Hewlett Packard EliteBook laptop

computer, model: 5840w, serial no. CND0501V3W containing one Western Digital 320 GB SATA hard drive, model WD3200BEKT-60PVMT0, serial #: WX21AB0W6503; one (1) ASUS SonicMaster laptop computer, model: X5500, serial no. FAN0CV379538428, containing one (1) Toshiba 1TB SATA hard drive, model: MQ01ABD100, serial no. 956KW71G; and one (1) Seagate 500GB external hard drive, model: ST95005620AS, serial no. 5YX0VPMG.

      3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

      4.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a. The defendant knowingly used an interactive computer service to transport the material charged in the information in interstate commerce;

    b. The defendant knew at the time of such transportation the general character, content, and nature of the material; and

    c. The material was obscene.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Between November 1, 2016 and November 15, 2016, the defendant, Joseph Pachetti, while residing in the Western District of New York, knowingly distributed and transported obscene images and videos through an interactive computer service, that is, the internet.

   b. On or about December 8, 2016, in the Western District of New York, the defendant was found in possession of obscene images, which had been shipped or transported in interstate or foreign commerce on the following electronic media: one Hewlett Packard EliteBook laptop computer, model: 5840w, serial no. CND0501V3W containing one Western Digital 320 GB SATA hard drive, model WD3200BEKT-60PVMT0, serial #: WX21AB0W6503; one ASUS SonicMaster laptop computer, model: X5500, serial no. FAN0CV379538428, containing one Toshiba 1TB SATA hard drive, model: MQ01ABD100, serial no. 956KW71GT; and one Seagate 500GB external hard drive, model: ST95005620AS, serial no. 5YX0VPMG. The images also had been transmitted in interstate or foreign commerce via the internet. The defendant knowingly possessed the images.

   c. Some of the obscene images possessed by the defendant contained sadistic or masochistic conduct or other depictions of violence that would have been painful to the child.

   d. The defendant possessed over 600 images of child pornography.

## III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2G3.1 applies to the offense of conviction and provides for a base offense level of 10.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the two level increase pursuant to Guidelines § 2G3.1(b)(1)(F) [the defendant knowingly engaged in distribution];

   b. the two level increase pursuant to Guidelines § 2G3.1(b)(3) [offense involved the use of an interactive computer service]; and

   c. the four level increase pursuant to Guidelines § 2G3.1(b)(4) [involved material that portrays sadistic or masochistic conduct or other depictions of violence].

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 18.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 15.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is

4

sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of 15 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 18 to 24 months, a fine of $7,500 to $75,000, and a period of supervised release of one to three years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement or recommended by either

party, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

16. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent

      to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

    e.  oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

17. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 17-mj-1138.

## VI. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. FORFEITURE PROVISIONS

### COMPUTERS

21. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following computer equipment and other electronic media which were seized by law enforcement officials based upon the execution of a search warrant:

   a. One (1) Hewlett Packard EliteBook laptop computer, model: 5840w, serial no. CND0501V3W containing one (1) Western Digital 320 GB SATA hard drive, model WD3200BEKT-60PVMT0, serial #: WX21AB0W6503;

   b. One (1) ASUS SonicMaster laptop computer, model: X5500, serial no. FAN0CV379538428, containing one (1) Toshiba 1TB SATA hard drive, model: MQ01ABD100, serial no. 956KW71GT; and

   c. One (1) Seagate 500GB external hard drive, model: ST95005620AS, serial no. 5YX0VPMG.

22. Since the computer and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computers and all of the components and related media to the United pursuant to 18 U.S.C. §1476. All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the

defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

23.    The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

24.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a <u>Preliminary Order of Forfeiture</u> for the items listed above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Preliminary Order of Forfeiture</u> and a <u>Final Order of Forfeiture</u> shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any

fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

25. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

26. This plea agreement represents the total agreement between the defendant, **JOSEPH PACHETTI**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: *Stephanie Lamarque*
STEPHANIE LAMARQUE
Assistant United States Attorney

Dated: October 3, 2018

10

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, JEFFREY T. BAGLEY, AFPD. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
JOSEPH PACHETTI  
Defendant  
Dated: October 3, 2018

_____  
JEFFREY T. BAGLEY, AFPD  
Attorney for the Defendant  
Dated: October 3, 2018