IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                    18-CR-181-A

JOSEPH PACHETTI,

                 Defendant.

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

### PRELIMINARY STATEMENT

On October 3, 2018, the defendant, JOSEPH PACHETTI, appeared before this Court, waived indictment and pled guilty to a single count Information, which charged a violation of Title 18, United States Code, Section 1462 [transportation of obscene material in commerce]. The Presentence Report, dated December 10, 2018 (PSR), consistent with the plea agreement, determined that the defendant, with a total adjusted offense level of 15 and criminal history category of I, faces a guideline range of 18 to 24 months imprisonment. The plea agreement executed by the parties allowed the defendant to request a non-guideline sentence. This sentencing memorandum is submitted in support of the government's position that this Court should sentence the defendant within the guidelines range of 18 to 24 months.

## STATEMENT OF FACTS

The government concurs with and relies on the statement of facts outlined in the PSR at paragraphs 18 through 21.

## DISCUSSION

The government recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated. However, when imposing a sentence, the Court is required to consider the guidelines, but must fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). The United States contends that the advisory guideline range is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress . . . It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider."). The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties

and must state "with specificity" both at sentencing and in the written judgment and commitment order its reasons for doing so.  18 U.S.C. § 3553(c).

### A SENTENCE OF 18 MONTHS INCARCERATION WILL REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, PROVIDE JUST PUNISHMENT, AFFORD ADEQUATE DETERRENCE, AND PROTECT THE PUBLIC

As the parties agreed in the plea agreement, the defendant's conduct included the possession of over 600 images of child pornography. In seeking a sentence of 18 months incarceration, the government urges the Court to consider the seriousness of the criminal conduct to which the defendant pled guilty.  Although the defendant entered a plea to obscenity, the images described in the PSR, and by the defendant's own admissions, constitute child pornography.  PSR ¶20, 34. Possession of child pornography is not a victimless crime.  These are not "just pictures".  The government disagrees that a non-guideline sentence is appropriate in this case.  The defendant did not simply stumble across images depicting children being sexually exploited while surfing the web.  Instead, he admitted that he purposefully sought them out across the darkest corners of the internet, using the Dark Web.

Despite the defendant's contention that he has never had any inappropriate physical contact with a child, the government urges the Court to consider the fact that the demand for child pornography is a serious crime which harms children because it fuels the demand for the production of more child pornography, perpetuating the rape and victimization of children. *See e.g. Paroline v. United States*, 572 U.S. 434, 439-40 (2014). Congress

acknowledged the harm done to victims portrayed in child pornography in the recently enacted "Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018":

> The demand for child pornography harms children because it drives production, which involves severe child sexual abuse and exploitation . . . The harms caused by child pornography begin, but do not end, with child sex assault because child pornography is a permanent record of that abuse and trafficking in those images compounds the harm to the child . . . The unlawful collective conduct of every individual who reproduces, distributes, or possesses the images of a victim's childhood sexual abuse plays a part in sustaining and aggravating the harms to that individual victim.

Pub. L. 115-299

The defendant certainly has cognitive limitations, but this did not prevent him from committing the crime for which he is to be sentenced, and does not support a below-guideline sentence. In fact, he was cognizant enough to use TOR, a Dark Web server, to download images of children being raped.  Notably, in his May 23, 2019 psychological report, the defendant admitted to searching for child pornography but denied any real interest in child pornography, stating that "it was bundled with other stuff…I downloaded that and a bunch of other stuff."  However, in his interview with law enforcement, he admitted using search term "pthc" and "Lolita" to find child pornography, and that he downloaded child pornography in order to masturbate to the images when he was going through a bad time.  PSR ¶20. Indeed, one image that the defendant made available for download was a video depicting a nude female between eight and ten years old performing oral sex on a dog. PSR ¶18(a).  One image downloaded and possessed by the defendant was a "partially nude, prepubescent female, approximate seven or eight years old wearing lingerie, lying on her back, with her legs spread apart exposing her genitals, holding a sex

4

toy, being anally penetrated by an adult penis.  PSR ¶21.  Based on these admissions, it is clear the defendant does have a sexual interest in children and viewed the rape of children when he was going through a bad time.

Based on the nature and circumstances of the offense as well the need to reflect the seriousness of the offense and promote respect for the law, a sentence of 18 months is sufficient in this case.

## CONCLUSION

For the foregoing reasons, the defendant should be sentenced to a term of incarceration within the advisory guidelines range.

DATED:  Buffalo, New York, June 12, 2019.

JAMES P. KENNEDY, JR.
United States Attorney

BY:   s/ STEPHANIE LAMARQUE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716-843-5894
stephanie.lamarque@usdoj.gov